UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEVERO SAENZ,

v.  Case No. 8:99-cr-242-T-17EAJ
    8:04-cv-2395-T-17EAJ

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court on Defendant Severo Saenz's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-5; cr-267).

BACKGROUND

On July 1, 1999, a grand jury sitting in the Middle District of Florida returned an indictment charging Saenz with conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846 (Count One); and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Two). (Doc. cr-1). Saenz was arrested and released on bond on July 16, 1999. (Docs. cr-116; see cr-42).

On August 3, 1999, United States Pretrial Services requested a warrant for the arrest of Saenz for failing to report to Pretrial on July 26,1999, and absconding from supervision. A warrant was issued. On October 1, 1999, Saenz was indicted for failure to appear in Case No. 8:00-cr-276-T-17EAJ and an arrest warrant was issued on August 3, 2000. On February 25, 2003, Saenz was located and arrested in the Southern District of Texas. (see Presentence Investigation Report (PSR), p. 6, ¶ 28).

On July 14, 2003, Saenz pled guilty to counts one and two in the present case. There was no written plea agreement. (Doc. cr-251). On this same day, the government filed a notice of maximum penalty, elements of offense, personalization of elements and factual basis. (Doc. cr-254). On August 11, 2003, the Court accepted Saenz's guilty plea and adjudicated him guilty. (Doc. cr-256).

On November 13, 2003, the Court sentenced Saenz to a 60-month term of incarceration to run concurrent to his federal sentence in Case No. 8:00-cr-276-T-17EAJ, and to be followed by a 24-month term of supervised release. (Doc. cr-262) Judgment was entered.  Saenz did not file a direct appeal.

On November 1, 2004, Saenz filed his initial section 2255 motion and supporting memorandum of law. (Docs. cv-1, cv-2). On November 12, 2004, the Court ordered Saenz to file an amended section 2255 motion in proper format. (Doc. cv-3). Saenz complied and filed his amended section 2255 motion on November 29, 2004. (Doc. cv-5). Saenz raises the following grounds for relief:

> 1. the Defendant received ineffective assistance of counsel at his sentencing when counsel failed to challenge the Court's imposition of an enhancement for obstruction of justice and request a downward adjustment for acceptance of responsibility.
>
> 2. the District Court's additional factual findings improperly increased the Defendant's sentence in light of Blakely;[1] and
>
> 3. the District Court erred when it denied the Defendant a downward adjustment in his offense level for acceptance of responsibility.

---

[1] Blakely v. Washington, 124 S. Ct. 2531 (2004)

DISCUSSION

A review of the record demonstrates that, for the following reasons, Saenz's motion to vacate must be **DENIED**.

Ground One

Saenz claims he received ineffective assistance of counsel at his sentencing when counsel failed to challenge the Court's imposition of an enhancement for obstruction of justice and to request a downward departure for acceptance of responsibility

The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v.Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984).

Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining

3

whether the counsel's performance was deficient. See Coulter v.Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' " Chandler v. United States, 218 F.3d 1305, 131 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)), cert. denied, 531 U.S. 1204 (2001). Furthermore, "[t]he burden of persuasion is on a Defendant to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Id. (citing Strickland, 466 U.S. at 688). This burden of persuasion, though not insurmountable, is a heavy one. See id. at 1314 (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts "must avoid second-guessing counsel's performance." Id. at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. (quoting Strickland, 466 U.S. at 689-90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Id. (quoting Darden v. Wainwright, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. See id. at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not . . . that the particular defense

4

lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial. . . were acts that some reasonable lawyer might do." Id.

Moreover, [t]he reasonableness of a counsel's performance is an objective inquiry." Id. at 1315. For a Defendant to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Id. at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317. Considered in light of these standards, the performance of Saenz's counsel was not constitutionally deficient and, in any event, Saenz was not prejudiced.

Saenz claims his counsel failed to challenge the Court's imposition of an enhancement for obstruction of justice and request a downward adjustment for acceptance of responsibility. Counsel did, however, argue for a reduction for acceptance of responsibility. (Doc. cr-266, pp. 6-7). The Court overruled Saenz's objection because Saenz's post-arrest conduct was not "indicative of someone who's accepted responsibility." (Doc. cr-266). Saenz's post-arrest conduct included Saenz's providing false information as to his true identity upon his initial arrest, and absconding from United States Pretrial Service's supervision after being released on bond. (PSR, p. 7. ¶ 34). Saenz remained in fugitive status over three and one-half years before facing prosecution in this case. The mere fact that Saenz pled guilty is not a sufficient basis to warrant a reduction under the provisions of USSG § 3E1.1.

5

Furthermore, Defendant Saenz's argument is vague and conclusory. He presents no basis for his claims that the Court erred when it enhanced his sentence for obstruction of justice or that he should have received a downward adjustment for acceptance of responsibility. Vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991), cert. denied, 502 U.S. 1105 (1992). Therefore, Saenz's claim that he received ineffective assistance at sentencing is without merit.

Ground one does not warrant relief.

### Grounds Two and Three

In ground two, Saenz claims that the District Court's additional factual findings improperly increased Saenz's sentence in light of Blakely. In Ground three, Saenz claims that the District Court erred when it denied Saenz a downward adjustment in his offense level for acceptance of responsibility. Grounds two and three are procedurally barred because Saenz failed to raise these claims on direct appeal in his criminal case.

Ordinarily, claims that previously were available and were not raised on direct appeal are procedurally defaulted and barred from consideration on collateral review absent a showing of cause and actual prejudice or actual innocence. See Bousley v. United States, 523 U.S. 614, 622-24 (1998); United States v. Frady, 456 U.S. 152, 166 (1982); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001), cert. denied, 122 S.Ct. 2362 (2002). The futility of raising a claim does not constitute sufficient cause to excuse the default. Bousley, 523 U.S. at 623; Jones v. United States, 153 F.3d 1305, 1307-08 (11th Cir. 1998).

"Cause" is cause for the procedural default, a recognized reason for failure to raise the claim previously. Cause requires a showing of some external impediment preventing

counsel from constructing or raising the claim. Weeks v. Jones, 52 F.3d 1559, 1561 (11th Cir.), cert. denied, 115 S. Ct. 1841 (1995) (citing McCleskey v. Zant, 499 U.S 467 (1991)). Ordinary mistakes, even significant mistakes of counsel, are not cause. See Murray v. Carrier, 477 U.S. 478, 487-88 (1986).

"Actual prejudice" is prejudice that impacts constitutional or other fundamental rights. United States v. Frady, 456 U.S. 152, 166 (1982) (citing Henderson v. Kibbe, 431 U.S. 145, 154 (1977)). The burden of demonstrating actual prejudice is greater than the burden of demonstrating plain error. Id.

In each of his claims, Saenz asserts his "cause" for failing to raise these claims previously is that his counsel was ineffective. As demonstrated above, however, Saenz fails to demonstrate that his counsel was ineffective. Saenz cannot show cause nor prejudice.

Even if the claims were not procedurally barred, grounds two and three would not warrant relief. Saenz relies on the findings in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S. Ct. 2531 (2004) to allege that the Court's additional factual findings improperly increased Saenz's sentence. Saenz specifically refers to the Court's imposition of an enhancement for obstruction of justice, claiming this enhancement had not been made by a jury or admitted by him, and therefore violated his Fifth and Sixth Amendment rights as interpreted in Blakely. In this case, since Saenz pled guilty to the related charge of failure to appear in Case No. 8:00-cr-276-T-17EAJ on July14, 2003, there was no need for further fact finding.

Saenz also relies on United States v. Booker, 375 F.3d 508, 513 (7th Cir. 2004). United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, 542 U.S. 296 (2004) are NOT retroactive on collateral attack. See Varela v. United States, 400 F.3d 864,

868 (11th Cir. 2005). Booker encompasses Apprendi. Apprendi also is not retroactive on collateral attack. Therefore, Saenz's reliance on Apprendi, Blakely, and Booker is unavailing.

Grounds two and three do not warrant relief.

Accordingly, the Court orders:

That Saenz's motion to vacate (Doc. cv-5; cr-267) is denied, with prejudice. The Clerk is directed to enter judgment against Saenz in the civil case and to close that case.

ORDERED in Tampa, Florida, on October 26, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James A. Muench
Pro se: Severo Saenz